UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROLANDO MEDRANO MEDRANO,

                                    Petitioner,                 Case # 19-CV-6629-FPG

v.

                                                      DECISION AND ORDER

WILLIAM P. BARR, et al.,

                                    Respondents.

      *Pro se* Petitioner Rolando Medrano Medrano brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. The government opposes the petition. ECF No. 5. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      The following facts are taken from the record. Petitioner is 39 years old and a native and citizen of Mexico. Petitioner has been in the United States since October 9, 1995. Petitioner has a non-felony criminal history consisting of citations for public intoxication and open container and two DUI convictions. ECF No. 1 at 7. On September 6, 2018, Petitioner was detained and taken into ICE custody for removal proceedings.

      On November 1, 2018, an immigration judge ("IJ") conducted a bond hearing for Petitioner. The IJ denied Petitioner's request for release on bond. Petitioner filed a motion to substitute counsel on November 29, 2018, which was granted on December 3, 2018. A removal hearing was held on February 22, 2019 at which Petitioner sought cancellation of his removal. The IJ held the record open to allow Petitioner to appear on a future date to submit evidence. Petitioner did so on April 26, 2019. Petitioner's application for cancellation of removal was denied

on May 21, 2019.  Petitioner appealed the order of removal on June 12, 2019 and was granted an extension of time to file briefing until September 19, 2019.  Petitioner's appeal is pending decision from the Board of Immigration Appeals ("BIA").  On August 26, 2019, Petitioner filed the present action.

## DISCUSSION

Petitioner has been detained by immigration authorities for over 14 months to date.  He argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1]  The Court agrees.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal.  Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).  This includes aliens, like Petitioner, whose removal proceedings are ongoing.  *See id.*  While Section 1226(a) permits immigration authorities to release aliens pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), immigration authorities place the burden on the alien to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community.  *See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

---

[1] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim.  *See* ECF No. 1 at 15-17.

The question is whether this scheme is constitutional as applied to Petitioner. To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention. *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief. First, Petitioner's detention has been unreasonably prolonged. He has been detained for over fourteen months. This fact favors Petitioner. *See Muse v. Sessions*, No. 18-CV-0054, 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018) ("As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing."); *Campbell v. Barr*, No. 19-CV-341, 2019 WL 2106387, at *5 (W.D.N.Y. May 14, 2019) (collecting cases).

Furthermore, this delay is attributable to the normal administrative process. Insofar as Petitioner has not abused the processes available to him or otherwise maliciously delayed proceedings, he cannot be deemed responsible for delays attendant to the administrative process. *See Hechavarria*, 891 F.3d at 56 n.6 (distinguishing between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process"); *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018) (concluding that pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged"). Even accounting for Petitioner's short three-week briefing extension request on his administrative appeal, Petitioner has still been in custody for a prolonged period.

At the second step, the Court concludes that Petitioner has not been afforded constitutionally adequate process to justify his continued detention. Although Petitioner was afforded a bond hearing before an immigration judge in November 2018, immigration authorities place the burden on the alien to demonstrate his entitlement to release. *See Nzemba v. Barr*, No. 19-CV-6299, 2019 WL 3219317, at *4 (W.D.N.Y. July 17, 2019). Due process requires more. Specifically, the "consensus view" is that due process requires the government, not the alien, to prove by clear and convincing evidence that continued detention is justified.[2] *Darko*, 342 F. Supp. 3d at 435 (collecting cases).

Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards.

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents. *Senor v. Barr*, No. 19-CV-716, 2019 WL 3821756, at *2 n.3 (W.D.N.Y. Aug. 15, 2019) ("[A] core habeas petitioner must proceed against 'some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, [so] that he may be liberated if no sufficient reason is shown to the contrary'" and finding that Jeffrey Searls is a proper respondent (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)).

---

[2] Of the cases Respondents cite in support of their contention that the alien should bear the burden of proof at a §1226(a) bond hearing, none are binding on this Court or even arguably persuasive. For example, *Hylton v. Shanahan*, No. 15-CV-1243-LTS, 2015 WL 3604328 (S.D.N.Y. June 9, 2015), found that the alien had not suffered a constitutional violation because he had not been in custody for a prolonged period due to self-made delays in the adjudicatory process. *Hylton* is entirely dissimilar to the case at bar.

By November 29, 2019, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community. To conclude that detention is justified, the immigration judge must also find that no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community exists. If a bond hearing is not held by November 29, 2019, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By December 1, 2019, Respondents shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 15, 2019
      Rochester, New York

 

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court